UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP PANTON, Individually, On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　-against-<br><br>JACOB BEN MOHA, 694 ENTERPRISES, INC. d/b/a ROXY DINER,<br><br>　　　　　　　　　　　　　　　Defendants. | **COMPLAINT**<br><br>Civ. (　) (　)<br><br>**PLAINTIFF DEMANDS A TRIAL BY JURY**<br><br>**ECF CASE** |

　　　　Plaintiff Philip Panton ("Plaintiff" or "Mr. Panton"), individually, by his attorneys, Mirer Mazzocchi Schalet & Julien, PLLC, complains of Defendants Jacob Ben Moha ("Defendant Moha") and 694 Enterprises, Inc., d/b/a Roxy Diner ("Corporate Defendanqt") (collectively Defendant Moha and the Corporate Defendant shall be referred to as "Defendants"), as follows:

## PRELIMINARY STATEMENT

This action seeks redress for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") and the New York Labor Law ("NYLL").  Mr. Panton complains that he was denied overtime premium pay (time and one-half) for his work hours over forty (40) in a work week and that he routinely worked more than ten hours in a work day but was not paid an extra hour of wages at minimum wage (hereafter "spread of hours pay").

## JURISDICTION AND VENUE

　　　　1.　　Plaintiff invokes the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*., and the supplemental jurisdiction statute, 28 U.S.C. §1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the

United States Constitution.

2. The venue of this action is proper because all of the events or omissions giving rise to the claims occurred within, and Defendants maintain their business location within, the Southern District of New York.

**PARTIES**

3. Mr. Panton is an adult individual residing in Queens County, New York.

4. Defendant 694 Enterprises, Inc. d/b/a Roxy Diner is located at 694 Eighth Ave., New York, NY 10036.

5. Upon information and belief, Defendant Jacob Ben Moha ("Defendant Ben Moha") is the owner and President of 694 Enterprises, Inc. d/b/a Roxy Diner and an individual engaged in active management of the business operations of Defendant 694 Enterprises, Inc. d/b/a Roxy Diner.

6. Defendant Ben Moha was Plaintiff's employer as defined by the FLSA and NYLL.

7. Defendant Ben Moha managed the day-to-day operations of the business and controlled Defendants' labor, wage-hour and other employment policies and practices. Defendant Ben Moha decided whether Plaintiff and the putative class members would receive overtime pay for weekly hours worked over forty (40). Defendant Ben Moha determined and set the policies with respect to wages and breaks and generally was in charge of the hours worked, wages paid and other terms and conditions of employment with respect to Plaintiff and his similarly situated employees.

8. At all relevant times, Defendants employed Mr. Panton.

9. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

10. Upon information and belief, at all relevant times, the gross annual volume of sales made or business done by Defendants was not less than $500,000.00.

11. At all relevant times, Defendants employed employees, such as Mr. Panton, who were handling, selling or otherwise working on or with food, goods or materials that have moved in or were produced for inter-state commerce. As part of his regular job duties for Defendants, Mr. Panton routinely and regularly used food supplies and other items that have moved in the stream of inter-state commerce. Thus, in addition to the enterprise coverage of the FLSA alleged above, Defendants are also subject to the individual coverage of the FLSA.

## FACTS

12. Defendants operate a restaurant in New York, New York with the name Roxy's Diner.

13. Mr. Panton became an employee of Defendant Ben Moha and Defendant 694 Enterprises Inc. d/b/a Roxy Diner in or about early September 2013 and continued working for Defendants until Aug. 23, 2015.

14. At all relevant times, Mr. Panton worked as a cook and as a food prep worker for Defendants.

15. Throughout his employment with Defendants, Mr. Panton worked 7 days per week and approximately 72-80 hours each week.

16. On Saturdays and Sunday, Mr. Panton worked a double shift starting his food prep work at 8:00 a.m. and working until close, after 1:00 a.m. On rare occasions, he was told to

come in at 11:00 a.m. on Saturdays and Sundays but this only happened a few times per year.

17. On Mondays through Thursday, Mr. Panton worked from in or about 4:00 p.m. to close at 1:00 a.m. or later.

18. Defendants did not maintain any electronic time-keeping system and they did not have Plaintiff clock in or out.

19. Upon information and belief, Defendants noted Plaintiff's arrival and departure in a notebook.

20. Defendants paid Mr. Panton on an hourly basis.

21. Mr. Panton routinely worked more than forty (40) hours in a work week throughout his employment.

22. Defendants did not pay any overtime premium pay to Mr. Panton at all for his hours over 40.

23. Upon information and belief, defendants did not pay any of their non-exempt employees overtime premium pay when such employees worked more than 40 hours in a work week.

24. Defendants failed to pay Mr. Panton the required spread of hours pay for the days when he worked a spread of hours longer than 10 in a single work day.

25. Upon information and belief, none of the defendants' workers were paid any spread of hours pay when required.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

26. Plaintiff Panton repeats and realleges each and every allegation made in

paragraphs 1 through 25 of this Complaint.

27. Defendants failed to pay Mr. Panton overtime compensation at rates of at least one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, in willful violation of the FLSA.

28. Mr. Panton has been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the New York State Labor Law

29. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 28 of this Complaint.

30. Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the NYLL.

31. Defendants' failure to pay Plaintiff at the applicable overtime hourly rate was willful within the meaning of NYLL §198.

32. Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### Failure to Pay Spread of Hours Pay (12 NYCRR §142-2.4)

33. Mr. Panton repeats and realleges each and every allegation made in paragraphs 1 through 32 of this Complaint.

34. Defendants failed to pay an additional hour of wages at the minimum wage rate on days where Mr. Panton worked a spread of hours longer than ten.

35. Mr. Panton has been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Awarding Plaintiff damages in the amount of unpaid wages due to him pursuant to the FLSA and the NYLL;

B. Awarding Plaintiff damages due to him for penalties and liquidated damages pursuant to the FLSA and the NYLL;

C. Awarding Plaintiff the amount of unpaid "spread of hours" pay he is due pursuant to 12 N.Y.C.C.R. §142-2.4;

D. Declaring Defendants' conduct complained of herein to be in violation of the Plaintiff's rights as secured by the NYLL and that it must cease;

E. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees and costs;

F. Awarding Plaintiff pre-judgment interest; and,

G. Granting such further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: February 4, 2016

                                              Respectfully submitted,

                                              MIRER MAZZOCCHI SCHALET
                                                  & JULIEN, PLLC

                                            By: _____ s/ Lizabeth Schalet _____

                                              Lizabeth Schalet
                                              Lschalet@mmsjlaw.com

                                              150 Broadway, Suite 1200
                                              New York, NY  10038
                                              Telephone:     (212) 231-2235